# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:10cr184 |
| | § | |
| RELFORD HANKINS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 2, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Mandy Griffith.

On December 5, 1996, Defendant was sentenced by the Honorable Robert B. Maloney, United States District Judge, to a sentence of 151 months imprisonment followed by a 5-year term of supervised release, for the offense of conspiracy to possess with intent to distribute and distribution of cocaine and crack cocaine. Defendant began his term of supervision on December 9, 2005. This matter was re-assigned to the Honorable Richard A. Schell on September 3, 2010.

On November 30, 2010, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 6). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance; (2)

Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) Defendant shall not leave the judicial district without permission of the Court or probation officer; and (4) Defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questions by a law enforcement officer.

The Petition alleges that Defendant committed the following violations: (1) on July 13, 2010, Defendant was arrested by the Oklahoma Highway Patrol in Bryan County, Oklahoma for the offense of Aggravated Trafficking Cocaine, Case No. CF-2010-374, the arrest report reveals Defendant was pulled over by the trooper due to a traffic violation, and was observed to behave very nervously during questioning, Defendant reportedly provided consent to a search of his vehicle, where several bundles of cocaine weighing approximately 2.4 pounds was discovered underneath the passenger's seat, and Defendant was booked into the Bryan County Jail in Durant, Oklahoma and subsequently released from custody on bond on July 16, 2010; (2) pursuant to the aforementioned arrest, a one-count Indictment was filed on September 16, 2010, in the Eastern District of Oklahoma, alleging a violation of Tile 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), Possession with Intent to Distribute Cocaine, Case NO. CR-10-067-RAW, on November 15, 2010, the Government dismissed the aforementioned Indictment as a result of a Suppression Hearing, due to issues related to the legality of the search that was conducted, incident to Defendant's arrest on July 13, 2010, however, during an office visit on July 26, 2010, Defendant admitted to traveling to Tulsa, Oklahoma, and obtaining a quantity of cocaine for purposes of returning to the Dallas area to deliver said quantity of cocaine to settle a debt, and help out his son, who had reportedly been threatened by drug dealers; (3) on September 13, 2010, Defendant submitted a urine specimen that tested positive for cocaine

via a handheld test cup, and the result was confirmed positive for cocaine by Alere Toxicology Services on September 29, 2010; (4) Defendant was arrested on July 13, 2010, in Bryan County, Oklahoma, and he did not have permission of the probation officer to leave the Eastern District of Texas; and (5) Defendant failed to notify the probation officer of his arrest in Bryan County, Oklahoma, on July 13, 2010.

At the hearing, Defendant entered a plea of true to the alleged violations of conditions of his supervised release. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the December 2, 2010 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 27 months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities in Fort Worth, Texas, if appropriate, and that Defendant participate in a drug treatment program while there, if available.

**SIGNED this 4th day of December, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE